ROBERT B. STOUTENBURGH, APPELLEE, v. GEORGE PENEK, ADMINISTRATOR, APPELLANT.

Submitted December 5, 1913—Decided February 23, 1914.

A party to an agreement may by his conduct be estopped from insisting upon a construction of his contract that will enable him to work a fraud upon the other party.

On appeal.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellant, *Eugene II. Meyer.*

For the appellee, *Hugh B. Reed.*

The opinion of the court was delivered by

GARRISON, J.   The Orphans Court having made an order that the defendant as administrator sell certain lands to pay debts, the defendant authorized the plaintiff, an auctioneer, to make the sale at public auction.   The authorization was in writing as follows: "I hereby authorize Robert B. Stoutenburgh or his representative to sell at public auction the property situated at Nos. 14, 14½, 16, 16½ and 18 Rowland street.   If the price obtained for said property at this sale is confirmed by the court, I agree to pay said Robert B. Stoutenburgh 2½% of the purchase price as commission for services.   (signed) George Penek, administrator of the estate of Henry Bird."

The plaintiff thereupon advertised the lands and at a public auction thereof sold the same to a purchaser for the sum of $9,900, which price was satisfactory to the defendant. This price not being satisfactory to the widow and next of kin of defendant's intestate, the defendant refrained from reporting the sale to the Orphans Court and finally reported that the price was inadequate.   The Orphans Court required that the purchaser who had signed an agreement and made a deposit of part of the purchase-money be brought in by notice.   Thereupon the defendant procured from the purchaser a release by refunding his purchase-money and paying him $40 additional.   Upon the strength of this release it was made to appear to the Orphans Court that the purchaser "with the consent of the administrator has withdrawn his said bid" and thereupon the court made an order releasing the said purchaser and setting aside the sale.   The District Court found as a fact that $9,900 was a fair price and there was testimony to support such finding.

The plaintiff has performed on his part everything necessary to bring his claim for payment within the term of his authorization fairly and honestly construed as the parties intended it. The price obtained being a fair one, and satisfactory to the administrator, it will be assumed that the sale would have been confirmed by the Orphans Court but for the action of the defendant in buying off the purchaser.

Under these circumstances the defendant is estopped from insisting upon a construction of his agreement with the plaintiff that was not within the contemplation of either party and that would enable the defendant by his own act to defeat the real object of the agreement and to work a practical fraud upon the plaintiff.

The Second District Court of the city of Newark gave judgment for the plaintiff, which is affirmed, with costs.